UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ROCHELEAU,
         Plaintiff,

                                      Case No.

V

LEXIS NEXIS,
ELDER LIVING CONSTRUCTION L.L.,
ESS, INC.
         Defendants.
_____/

**COMPLAINT**
**And**
**JURY DEMAND**

## JURISDICTION

1. Jurisdiction is proper under 28 USC 1331 in that there is a federal question in question.

2. Venue is proper in this court in that plaintiff resides in Flint, Michigan, defendant Elder Living Construction's office is located in Ferndale, Michigan, Lexis Nexis headquarters is in Atlanta, Georgia and ESS is located in Michigan.

**COUNT 1 – VIOLATION OF**
**THE FAIR CREDIT REPORTING ACT**
**15 USC 1681**

3. Plaintiff repeats and realleges paragraphs 1 through 2 as if fully set forth herein verbatim.

4. Defendant Elderly Living Construction ordered a credit report on the plaintiff from defendant Lexis Nexis.

1

5. Neither Lexis Nexis, Elderly Living Construction nor ESS obtained the plaintiff's permission of the plaintiff before obtaining said consumer report, CPA 604(2)(A)(i) and (ii) and never informed the plaintiff in writing before the consumer report was issued that the report would be used to take adverse action based on the report, CPA 604(3)(A), (15 USC 1681).

6. Neither Lexis Nexis, Elderly Living Construction nor ESS made the necessary certifications mandated by CPA 604(2)(C)(b)(1).

7. Elderly Living Construction after learning of the consumer report failed to hire the plaintiff. Elderly Living Construction failed to disclose to the plaintiff a summary of the nature and substance of the communication upon which the adverse action was based. CPA 604(2).

8. Elderly Living Construction then proceeded to provide a copy of the consumer report to plaintiff's current employer ESS who promptly terminated plaintiff.

9. CPA 613(a) states that a consumer reporting agency which furnishes a consumer report for employment purposes complied from public records shall: (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported, or (2) maintain strict procedures designed to insure that whatever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment.

10. Defendant, Lexis Nexis failed to strict procedures in releasing plaintiff's information. Defendant Lexis Nexis failed to secure plaintiff's permission to release the report and failed to inform the plaintiff that the report contained information that could result in plaintiff receiving an adverse employment determination.

11. Defendant, Elderly Living Construction, failed to provide the plaintiff with a summary of the consumer report and failed to obtain the plaintiff's permission before ordering the report and failed to certify compliance with the CPA.

12. Defendant, ESS, as a subsequent user of the report, failed to disclose to the plaintiff a summary containing the nature and subsequence of the report, failed to obtain the plaintiff's permission to obtain the report and improperly used the report under the CPA.

13. As a direct and proximate result of all three defendants improperly obtaining the consumer report of the plaintiff and using the report for subsequent adverse employment action, the plaintiff has suffered lost wages and benefits in the amount of $171,111.

WHEREFORE, Plaintiff prays for a judgment in his favor and against all three defendants in an amount established by the proofs, including interest, costs and attorney fees.

Respectfully submitted,

/s/ Richard A. Meier

Richard A. Meier  (P38204)
30300 Northwestren Highway, Ste 320

Farmington Hills, Mich 48334
248-932-3500
rmeier00@yahoo.net

## JURY DEMAND

Now comes the plaintiff and demands trial by jury.

*/s/ Richard Meier*